

1  Paul S. Rosenlund (SBN 87660)
   Jessica E. La Londe (SBN 235744)
2  **DUANE MORRIS** LLP
   Spear Tower
3  One Market Plaza, Suite 2200
   San Francisco, CA 94105-1127
4  Telephone: +1 415 957 3000
   Facsimile: +1 415 957 3001
5  E-mail:   PSRosenlund@duanemorris.com
             JELalonde@duanemorris.com
6
   Attorneys for Defendant
7  BITECH, INC., d/b/a PERFORMANCE BICYCLE
   SHOP
8

9              **IN THE UNITED STATES DISTRICT COURT**

10           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                   **SAN FRANCISCO DIVISION**



12  JORDAN LAMB, individually and on behalf of all       Case No.
    others similarly situated,
13                                                        **DEFENDANT BITECH, INC., D/B/A**
                    Plaintiff,                            **PERFORMANCE BICYCLE SHOP'S**
14                                                        **NOTICE OF REMOVAL OF CIVIL**
          v.                                             **ACTION TO FEDERAL COURT**
15                                                        **PURSUANT TO 28 U.S.C. §§ 1332(D),**
    BITECH, INC., d/b/a PERFORMANCE BICYCLE             **1441(B), 1446(B), AND 1453(B)**
16  SHOP, a Delaware corporation,
17                                                        [Removed from San Francisco Superior
                    Defendant.                            Court, Case No. CGC-11-515148]
18

19      **TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN**

20  **DISTRICT OF CALIFORNIA AND TO EACH PARTY AND ATTORNEY OF RECORD:**

21      **PLEASE TAKE NOTICE** that Defendant Bitech, Inc., d/b/a Performance Bicycle Shop

22  ("Performance"), hereby removes this action from the Superior Court for the County of San

23  Francisco to the United States District Court for the Northern District of California.

24      The removal of this action is based on 28 U.S.C. sections 1332, 1441, 1446 and 1453, and

25  specifically on the following grounds:

26                  **PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

27      1.      On October 17, 2011, Plaintiff Jordan Lamb ("Plaintiff"), purportedly on behalf of

28  himself and a class of others similarly situated, filed the action in the Superior Court for the County

DM1\2958248.2 R1367/00004
───────────────────────────────────────────────────────
DEFENDANT BITECH, INC., D/B/A PERFORMANCE BICYCLE SHOP'S NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

1  of San Francisco, entitled *Jordan Lamb, individually and on behalf of all others similarly situated v.*

2  *Bitech, Inc., d/b/a Performance Bicycle Shop, a Delaware [sic] corporation*, Case No. CGC-11-

3  515148 (the "Complaint"). Plaintiff alleges he and the members of the putative class he purports to

4  represent are all among a class consisting of "All persons from whom Performance Bike requested

5  and recorded personal identification information in conjunction with a credit card transaction

6  occurring in California in the one-year period preceding the filing of this Complaint." (the "Class").

7  Complaint ¶ 16, Exhibit A hereto (Exhibit A also includes the Summons and the Civil Case Cover

8  Sheet).

9      2.      On October 31, 2011, Plaintiff served the Complaint on Performance through

10  Performance's California agent for service of process. Attached as Exhibit B hereto is the National

11  Registered Agents, Inc.'s Service of Process Summary Transmittal Form. To be timely, a notice of

12  removal must be filed within 30 days of receipt of the Complaint via service. *See* 28 U.S.C. §

13  1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

14  Performance's removal is timely.

15     3.      On November 17, 2011, Performance filed and served its Answer to Plaintiff's

16  Complaint, which is attached hereto as Exhibit C.

17     4.      Pursuant to 28 U.S.C. section 1446(a), the attached Exhibits A and C are those

18  pleadings and other documents that have been served on Performance, and which Performance is

19  therefore required to submit to the Court in support of this Notice of Removal.

20                              **BASIS FOR REMOVAL JURISDICTION**

21     5.      <u>Generally</u>. The action is removable pursuant to the Class Action Fairness Act of

22  2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), as well as under general rules of diversity

23  jurisdiction, 28 U.S.C. § 1332(a)(1), for at least the following reasons:

24     6.      <u>Covered Class Action</u>. The Complaint asserts the following cause of action against

25  Performance: Violation of California Civil Code Section 1747.08. Plaintiff purports to bring a class

26  action on behalf of "All persons from whom Performance Bike requested and recorded personal

27  identification information in conjunction with a credit card transaction occurring in California in the

28  one-year period preceding the filing of this Complaint." (Complaint ¶ 16.) Plaintiff alleges that

DEFENDANT BITECH, INC., D/B/A PERFORMANCE BICYCLE SHOP'S NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

"individual joinder in this case is impracticable.  The Class consists of millions of individuals."
(Complaint ¶ 18.)  Plaintiff further alleges that the putative class "can be easily identified" and that
common questions of law and fact exist and predominate over individual issues.  (Complaint ¶¶ 18-
19.)  Plaintiff specifically alleges that on or about July 27, 2011, he shopped and purchased items at
a Performance retail store in San Francisco, California with a credit card and that, as a condition of
using his credit card, he was required by Performance to enter personal identification information
associated with the credit card, including his full and complete ZIP code, and that Performance
would not allow Plaintiff to complete his purchase without supplying such information.  (Complaint
¶¶ 12-14.)  Plaintiff further alleges that Performance recorded, stored, and continues to store, in its
databases, Plaintiff's personal identification information, including Plaintiff's name, ZIP code, and
credit card number.  (Complaint ¶ 15.)

7.     Diversity.  Plaintiff Lamb asserts that he is a citizen of the State of California.
(Complaint ¶ 7.)  Performance is a citizen of the State of North Carolina.  (Declaration of Sam Felts,
¶ 2; Complaint ¶ 8.)  The Complaint names no other defendants.

8.     Amount in Controversy – Alleged Damages.  Plaintiff seeks a statutory penalty
pursuant to California Civil Code § 1747.08(e) of $1,000 for each purported violation, in addition to
litigation expenses and attorneys' fees.  (Complaint ¶¶ 20, 28, and Prayer for Relief.)

9.     Plaintiff's complaint alleges that the putative class "consists of millions of
individuals" (Complaint ¶ 18) who were "exposed to virtually identical conduct" (Complaint ¶ 20),
who are entitled to a civil penalty of $1,000 per violation.  Even if each putative class member had
only one transaction, the amount in controversy greatly exceeds $5,000,000.

10.    Irrespective of these grandiose allegations, which Performance denies, the
Declaration of Sam Felts establishes that Performance had more than 5,000 credit card transactions
at its California retail store locations during the putative class period, and even by these more
measured determinations, the amount in controversy in this action still exceeds $5,000,000.
(Declaration of  Sam Felts ¶ 5.)  The failure of Plaintiff to assert a specific or total amount in
controversy cannot deprive this Court of jurisdiction.  *White v. J C. Penny Life Ins. Co.*, 861 F.Supp.
25, 26 (S.D. W.Va. 1994).

1     11.    Performance denies violating any laws and denies any liability to Plaintiff or to the
2 putative class, but a plain reading of the complaint demonstrates that the amount in controversy
3 exceeds $5,000,000 for purposes of removal. *See*, *e.g.*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295,
4 298 (5th Cir. 1999) (holding that facts presented in notice of removal, combined with plaintiffs'
5 allegations, sufficient to support finding of jurisdiction); *Korn v. Polo Ralph Lauren Corp.*, 536
6 F.Supp.2d 1199, 1206 (E.D. Cal. 2008) (same in context of claims brought under California Civil
7 Code § 1747.08(e)); *accord, Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *White v. FCI
8 USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (facially apparent from the lengthy list of damages,
9 combined with a claim for attorneys' fees, that plaintiffs' claim exceeded the jurisdictional
10 threshold).

11     12.   <u>Matter in Controversy – Attorneys' Fees.</u> Plaintiff also seeks an award of attorneys'
12 fees and costs. (Complaint, Prayer for Relief.)  This amount also should be included in connection
13 with the amount in controversy. *See, e.g., Bell v. Preferred Life*, 320 U.S. 238 (1943); *Galt G/S v.
14 JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d
15 1365 (9th Cir. 1982).

16     13.   <u>No CAFA Exclusions.</u> The action does not fall within any exclusion to removal
17 jurisdiction recognized by 28 U.S.C. § 1332(d) because Performance is not a citizen of California,
18 the state in which the action originally was filed, and no other exclusion applies.

19                            **INTRADISTRICT ASSIGNMENT**

20     14.    Pursuant to Northern District Local Rules 3-2(c), 3-2(d), and 3-5(b), assignment of
21 this action to the San Francisco Division of the United States District Court for the Northern District
22 of California is appropriate because the event giving rise to Plaintiff's claim purportedly occurred in
23 San Francisco (Complaint ¶ 12) and this action was originally filed in the Superior Court of
24 California, County of San Francisco.

25               **NOTICE TO STATE COURT AND TO PLAINTIFF**

26     15.    Contemporaneously with the filing of this Notice of Removal in the United States
27 District Court for the Northern District of California, and pursuant to 28 U.S.C. § 1446(d), written
28 notice of this filing will be given by the undersigned to Plaintiff's counsel of record, Francis Bottini,

DM1\2958248.2 R1367/00004       4

1  Jennifer Chapman, and Joseph Siprut, and a copy of the Notice of Removal will be filed with the

2  Clerk of the Court for the Superior Court of the County of San Francisco.

3        Accordingly, Performance respectfully submits that this action is properly removed pursuant

4  to the Class Action Fairness Act and other applicable rules of law.

5

6  Dated:  November 17, 2011                    **DUANE MORRIS LLP**

7

8                                      By:   _____
                                            Paul S. Rosenlund
9                                            Jessica E. La Londe
                                            Attorneys for Defendant
10                                           BITECH, INC., d/b/a PERFORMANCE BICYCLE
                                            SHOP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BITECH, INC., D/B/A PERFORMANCE BICYCLE SHOP'S NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** JORDAN LAMB, individually and on
*(AVISO AL DEMANDADO):* behalf of all others similarly
situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:** BITECH, INC., d/b/a
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* PERFORMANCE BICYCLE
SHOP, a Delaware corporation,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
County of Francisco
400 McAllister Street
San Francisco, CA  94102

CASE NUMBER:
*(Número del Caso):*
CGC-11-515148

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Francis A. Bottini, Jr., Esq.          Tel:  (619) 241-4810
CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
550 West C Street, Suite 2000
San Diego, CA  92101

DATE:          OCT 1 7 2011          CLERK OF THE COURT
*(Fecha)*                Clerk, by                , Deputy
                *(Secretario)*          ELIAS PAI      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* Bitech, Inc. dba Performance Bicycle Shop,
3. ☑ on behalf of *(specify):* a Delaware corporator.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Francis A. Bottini, Jr., Esq.<br>CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP<br>550 West C Street<br>Suite 2000<br>San Diego, CA  92101<br>TELEPHONE NO: (619) 241-4810   FAX NO.: (619) 955-5813 | ENDORSED<br>SAN FRANCISCO COUNTY<br>COURT<br>2011 OCT 17 AM 1:09<br>C<br>BY:<br>COURT<br>ELIAS BUT |

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

CASE NAME: Jordan Lamb, v. Bitech, Inc., et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount<br>demanded<br>exceeds $25,000)   (Amount<br>demanded is<br>$25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: CGC 11-515148 |
|---|---|---|
| | | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[X] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief  c. [5] punitive

4. Number of causes of action *(specify):*

5. This case [X] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 17, 2011

Francis A. Bottini, Jr., Esq.
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
Francis A. Bottini, Jr. (SBN 175783)
fbottini@cfsblaw.com
Jennifer M. Chapman (SBN 253065)
jchapman@cfsblaw.com
550 West C Street, Suite 2000
San Diego, California 92101
Telephone: (619) 241-4810
Facsimile: (619) 955-5318

Joseph J. Siprut (to be admitted *Pro Hac Vice*)
SIPRUT PC
122 South Michigan Ave., Suite 1850
Chicago, Illinois 60603
Tel: (312) 588-1440
Fax: (312) 427-1850

*Attorneys for Plaintiff and the Class*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

JORDAN LAMB, individually and on
behalf of all others similarly situated,

        Plaintiff,

    v.

BITECH, INC., d/b/a PERFORMANCE
BICYCLE SHOP, a Delaware corporation,

        Defendant.

Case No.   **CGC-11-515148**

**CLASS ACTION COMPLAINT**

Violation of Cal. Civ. Code § 1747.08

      Plaintiff Jordan Lamb ("Plaintiff") brings this Class Action Complaint against Defendant Bitech, Inc., d/b/a Performance Bicycle Shop ("Defendant" or "Performance Bike") to enjoin Performance Bike's unlawful practice of requiring and recording private consumer information in violation of the Song-Beverly Credit Card Act of 1971, California Civil Code § 1747.08 (the "Song-Beverly Credit Card Act" or the "Act"). Plaintiff, on behalf of himself and all others similarly situated, complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys:

**Nature of the Action**

1.    In 1971, the California legislature passed the Song-Beverly Credit Card Act (the "Act") to protect California consumers from, among other things, unfair business practices, including specifically unfair business practices in connection with the usage and billing of credit cards.

2.    In 1990, California Civil Code § 1747.08 was added to the Act to address and prevent the misuse and improper collection of personal identification information, such as billing addresses, for such purposes as marketing and advertising, among others.  In adding § 1747.08 to the Act, the California legislature found that there was no legitimate need to obtain such personal information from credit card customers, other than what was necessary to complete the transaction.

3.    Specifically, California Civil Code § 1747.08 states that retail merchants who accept credit card payments during the course of business transactions cannot:

> (1) request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to write any personal identification information upon the credit card transaction form or otherwise, [or]
>
> (2) request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.

4.    California Civil Code 1747.08(b) defines personal identification information as "information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number." (§ 747.08, subd. (b).)

5.    Performance Bike has more than 100 store locations throughout the country, including twenty-nine in California.

6.     This action arises from Performance Bike's violation of California Civil Code §
1747.08 through its practice of requiring Plaintiff's and the Class members' personal
identification information as a condition of using a credit card to make a purchase.

**The Parties**

7.     Plaintiff is a natural person and citizen of the state of California.

8.     Performance Bike is a corporation incorporated and existing under the laws of the
state of North Carolina, with its headquarters located at 1 Performance Way, in the city of
Chapel Hill, state of North Carolina. Defendant conducts business throughout the United States
and California.

**Jurisdiction**

9.     This Court has subject matter jurisdiction over the cause of action asserted herein
pursuant to the California Constitution, Article VI, §10, because this case is a cause not given by
statute to other trial courts.

10.     This Court has personal jurisdiction over Performance Bike because it does and is
registered to do business in California, and the improper conduct alleged in this Complaint
occurred in, was directed toward and/or emanated from California.

**Venue**

11.     Venue is proper in this Court because Defendant conducts business in California
and/or because the cause of action arose in San Francisco.

**Conduct Complained Of**

12.     On or about July 27, 2011, Plaintiff shopped and purchased items at a
Performance Bike retail store location in San Francisco, California

13.     To consummate each purchase, Plaintiff elected to use, and did use, his credit card
as his form of payment.

14.     As a condition of using his credit card, Plaintiff was required by Performance
Bike to enter personal identification information associated with the credit card, including his

CLASS ACTION COMPLAINT
-3-

1 full and complete ZIP code. Performance Bike would not allow Plaintiff to complete his

2 purchase without supplying such information.

3     15.    Performance Bike recorded, stored, and continues to store, in its databases,

4 Plaintiff's personal identification information, including Plaintiff's name, ZIP code, and credit

5 card number.

6 **Class Representation Allegations**

7     16.    Plaintiff brings this action, pursuant to Code of Civil Procedure § 382 on behalf of

8 himself and a Class, defined as follows:

9
10 > All persons from whom Performance Bike requested and recorded personal identification information in conjunction with a credit card transaction occurring in California in the one-year period preceding the filing of this Complaint.

11 Excluded from the Class are Defendant, Defendant's agents, subsidiaries, parents, successors,

12 predecessors, and any entity in which the Defendant or their parents have a controlling interest

13 and their current and former employees, officers, and directors, 2) the Judge or Magistrate Judge

14 to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, 3)

15 persons who execute and file a timely request for exclusion, and 4) the legal representatives,

16 successors, or assigns of any such excluded person.

17     17.    Plaintiff reserves the right to revise the Class definition based on information

18 learned through discovery.

19     18.    **Numerosity:** The exact number of the members of the Class is unknown and is

20 not available to Plaintiff at this time, but individual joinder in this case is impracticable. The

21 Class consists of millions of individuals. Class members can be easily identified through

22 Defendant's records and public records.

23     19.    **Commonality and Predominance:** Common questions of law and fact exist as to

24 all members of the Class and predominate over any questions affecting only individual members.

25 Among the questions of law and fact common to the Class are:

26

27

28

CLASS ACTION COMPLAINT

(a) Whether each Class member engaged in a credit card transaction with Defendant;

(b) Whether Defendant required Class members to provide personal identification information during such credit card transactions;

(c) Whether Defendant recorded Class members' personal identification information in its databases;

(d) Whether Defendant's conduct and practice of requiring and recording such personal identification information during credit card transactions constitutes a violation of California Civil Code § 1747.08; and

(e) The proper measure of civil penalties.

20.  **Typicality:** Plaintiff's claims are typical of the claims of the other members of the class. Plaintiff, like every other Class member, was exposed to virtually identical conduct by the Defendant, and is entitled to civil penalties of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code § 1747.08(e).

21.  **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interest of the Class, and has retained counsel competent and experienced in complex litigation and class actions.  Plaintiff has no interest antagonistic to that of the Class, and Defendant has no defenses unique to the Plaintiff.

22.  **Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable.  The recovery to which individual members of the Class are entitled will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct.  Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief for Defendant's misconduct.  Even if each member of the Class could sustain such individual litigation, it would not be preferable to a class action because

CLASS ACTION COMPLAINT

-5-

individual litigation would increase the delay and expenses to all parties due to the complex legal and factual controversies presented in this Complaint.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**Violation of Cal. Civ. Code § 1747.08**
**("Song Beverly Credit Card Act of 1971")**
**(On behalf of Plaintiff and the Class)**

23.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

24.     California Civil Code § 1747.08 prohibits any corporation, which accepts credit cards during business transactions, from requesting or requiring personal identification information from cardholders and then recording it in conjunction with the credit card transaction.

25.     Defendant is a corporation that accepts credit cards for the transaction of business.

26.     During the one-year period preceding the filing of this Class Action Complaint through the present, Defendant regularly required and recorded personal identification information, in the form of ZIP codes, from cardholders paying for services by credit card.

27.     It is and was Defendant's routine business practice to intentionally engage in the conduct described in this cause of action with respect to every person who paid for a purchase from Defendant using a credit card.

28.     Due to Defendant's violations as set forth herein, Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code § 1747.08(e).

**Prayer for Relief**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

CLASS ACTION COMPLAINT

-6-

1     (a) Certify this case as a class action on behalf of the Class defined above, appoint

2         Plaintiff Jordan Lamb as Class Representative, and appoint his counsel as Class

3         Counsel;

4     (b) Declare that Defendant's actions, as described herein, violate California Civil

5         Code § 1747.08;

6     (c) Awarding statutory penalties of $1,000 per violation of California Civil Code §

7         1747.08;

8     (d) Award Plaintiff and the Class their reasonable litigation expenses and attorneys'

9         fees;

10    (e) Awarding Plaintiff and the Class pre- and post-judgment interest; and

11    (f) Granting such other and further relief as the Court deems equitable and just.

Dated: October 17, 2011        CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
Francis A. Bottini, Jr. (SBN 175783)
fbottini@cfsblaw.com
Jennifer M. Chapman (SBN 253065)
jchapman@cfsblaw.com

By: _____
           Francis A. Bottini, Jr.

550 West C Street, Suite 2000
San Diego, California 92101
Telephone: (619) 241-4810
Facsimile: (619) 955-5318

and

Joseph J. Siprut (to be admitted *Pro Hac Vice*)
SIPRUT PC
122 South Michigan Ave., Suite 1850
Chicago, Illinois 60603
Tel: (312) 588-1440
Fax: (312) 427-1850

*Attorneys for Plaintiff and the Class*

CLASS ACTION COMPLAINT

-7-

EXHIBIT B

# *NATIONAL REGISTERED AGENTS, INC.*

Rcvd 11/18/11

## *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To:  KEN TAYLOR
PERFORMANCE, INC.
144 OLD LISTRA ROAD
CHAPEL HILL, NC 27514

SOP Transmittal # **CA96732**

(888) 617-4545 - Telephone
(609) 716-0820 - Fax

Entity Served: BITECH, INC. (Domestic State: NORTH CAROLINA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 31 day of October, 2011. The following is a summary of the document(s) received:

1.  **Title of Action:** Bitech, Inc. v. Jordan Lamb

2.  **Document(s) served:** Summons/Citation/Third Party Summons, Complaint/Petition/Third Party Complaint
         Other: Class Action Complaint

3.  **Court of Jurisdiction/**   San Francisco County Superior Court
    **Case & Docket Number:** CGC-11-515148

4.  **Amount Claimed, if any:** Please See Attached

5.  **Method of Service** (select one):
    _X_ Personally served by:  _X_ Process Server    __ Deputy Sheriff    __ U. S Marshall
    __ Delivered Via:         __ Certified Mail     __ Regular Mail      __ Facsimile
                             (Envelope enclosed)    (Envelope enclosed)
    __ Other (Explain):

6.  **Date and Time of Receipt:** 10/31/2011 6:16:14 PM EST (GMT -5)

7.  **Appearance/Answer Date:** 30 Days

8.  **Received From:**              Francis A. Bottini, Jr., Esq.       9.  **Federal Express Airbill #** 795356259052
    (Name, Address & Telephone Number) Chapin Fitzgerald Sullivan & Bottini LLP
                                    550 West C Street                  10. **Call Made to:** VM - KEN TAYLOR
                                    Suite 2000
                                    San Diego, CA 92101
                                    (619) 241-4810

11. **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**          **Copies To:**

Transmitted by Meagan Seymour

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

**EXHIBIT C**

1 | Paul S. Rosenlund (SBN 87660)
Jessica E. La Londe (SBN 235744)
2 | **DUANE MORRIS LLP**
Spear Tower
3 | One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
4 | Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001
5 | E-mail:     PSRosenlund@duanemorris.com
JELalonde@duanemorris.com
6
Attorneys for Defendant
7 | BITECH, INC., d/b/a PERFORMANCE BICYCLE
SHOP
8

ENDORSED
FILED
Superior Court of California
County of San Francisco

NOV 1 7 2011

CLERK OF THE COURT
BY: _____ MICHAEL RAYRAY
Deputy Clerk

9 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 |                     FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| 11  JORDAN LAMB, individually and on behalf of all others similarly situated, | Case No. CGC-11-515148 |
| 12                    Plaintiff, | **BITECH, INC., D/B/A PERFORMANCE BICYCLE SHOP'S** |
| 13        v. | **ANSWER TO UNVERIFIED COMPLAINT** |
| 14  BITECH, INC., d/b/a PERFORMANCE BICYCLE | |
| 15  SHOP, a Delaware corporation, | Complaint Filed:     October 17, 2011 |
| 16                    Defendant. | |

17

18 | Defendant Bitech, Inc., d/b/a Performance Bicycle Shop ("Performance") answers and

19 | responds to the unverified Complaint of plaintiff Jordan Lamb as follows:

20 |                          **GENERAL DENIAL**

21 | Performance generally denies each and every allegation in the Complaint pursuant to Code of

22 | Civil Procedure § 431.30, and further denies that plaintiff or any person on whose behalf this action

23 | is prosecuted has been damaged in any manner or amount. Performance further denies that plaintiff

24 | or any person on whose behalf this action is prosecuted is entitled to injunctive relief or any award of

25 | penalties, restitution, costs or expenses, including attorneys' fees, in any sum or amount, by reason

26 | of any act or omission by Performance or by any person or entity for which Performance may be

27 | held responsible.

28 | ///

1

**AFFIRMATIVE DEFENSES**

2    The following affirmative defenses are alleged on information and belief by each defendant
3    subscribing to this answer, and except as expressly stated otherwise, each defense applies to the
4    entire complaint and to each purported cause of action or claim for relief therein, and to each
5    plaintiff, beneficiary, heir and other person on whose behalf or for whose benefit this action is
6    prosecuted (collectively referred to as "plaintiff" or "plaintiffs").

7    All defenses are pled in the alternative, and do not constitute an admission of liability or that
8    plaintiffs are entitled to any relief.

9    Defendant reserves the right to amend or withdraw any or all defenses or to raise any and all
10   additional defenses as or after they may become known during or after the course of investigation,
11   discovery or trial.

12   No assertion of any affirmative defense shall constitute either (a) an admission or agreement
13   that plaintiff does not bear the burden of proof or the burden of producing evidence on any element
14   of any cause of action or claim for relief or on any issue as to which a plaintiff bears the burden of
15   proof or the burden of producing evidence as a matter of law, or (b) a waiver of any defendant's
16   right to require that any plaintiff satisfy any burden of proof or burden of producing evidence.

17

**FIRST AFFIRMATIVE DEFENSE**

18

**(Failure to State Cause of Action)**

19   1.    The Complaint fails to state a cause of action for which relief may be granted.

20

**SECOND AFFIRMATIVE DEFENSE**

21

**(Compliance with Section 1747.08)**

22   2.    Performance has complied with the provisions of California Civil Code section
23   1747.08 in its handling of credit card transaction(s) with Plaintiff and the purported class, if any, and
24   Performance is entitled to each and every defense and exception accorded to it by that statute.

25

**THIRD AFFIRMATIVE DEFENSE**

26

**(Exception for Information Required for a Special Purpose)**

27   3.    To the extent that Performance requested or required that any plaintiff or member of
28   the putative class provide personal identification information, such information was required for a

DM1\2957921.1 R1367/00004                                 2

1  special purpose incidental, but related, to the individual credit card transaction, including, but not

2  limited to, information relating to shipping, delivery, servicing, or installation of the purchased

3  merchandise, for special orders, or for other benefits that reasonably required linking the transaction

4  to the plaintiff and the plaintiff's personal identification information, pursuant to California Civil

5  Code section 1747.08(c)(4) or otherwise.

6  ### FOURTH AFFIRMATIVE DEFENSE

7  **(Bona Fide Error)**

8  4.      To the extent any alleged violation occurred, which Performance denies, any such

9  violation was not intentional and resulted from a bona fide error made notwithstanding maintenance

10  of procedures reasonably adopted to avoid that error, pursuant to California Civil Code section

11  1747.08(e) or otherwise.

12  ### FIFTH AFFIRMATIVE DEFENSE

13  **(No Injunctive Relief)**

14  5.      Plaintiff and the purported class lack standing to pursue claims for injunctive relief,

15  and Plaintiff's claims for injunctive relief are barred, pursuant to California Civil Code section

16  1747.08(f) or otherwise.

17  ### SIXTH AFFIRMATIVE DEFENSE

18  **(Unconstitutional)**

19  6.      California Civil Code Section 1747.08 is unconstitutional to the extent it is applied in

20  a manner that violates Performance's constitutional protections, including, but not limited to,

21  protections under the Eighth and Fourteenth Amendments of the United States Constitution and the

22  Constitution of California.

23  ### SEVENTH AFFIRMATIVE DEFENSE

24  **(Lack of Cognizable Injury or Damages)**

25  7.      The claims of the plaintiff, the general public, and members of the purported class are

26  barred by a lack of any cognizable injury or damages legally compensable at law.

27  ///

28  ///

## EIGHTH AFFIRMATIVE DEFENSE

### (No Private Attorney General)

8.      Plaintiff has failed to allege and cannot prove the facts necessary to maintain a private attorney general action on behalf of the general public or otherwise.

## NINTH AFFIRMATIVE DEFENSE

### (Class Action Allegations Insufficient)

9.      Plaintiff has failed to allege and cannot prove the facts necessary to maintain a class action.

## TENTH AFFIRMATIVE DEFENSE

### (Improper Class Representative)

10.     Plaintiff is not a proper representative of the putative class asserted in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

11.     The Complaint and the claims asserted therein are barred in whole or in part by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver or Estoppel)

12.     The Complaint and the claims asserted therein are barred in whole or in part by principles of waiver or estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

13.     The Complaint and the claims asserted therein are barred in whole or in part by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Claim Preclusion or Res Judicata)

14.     The Complaint and the claims asserted therein are barred in whole or in part by principles of claim preclusion or res judicata.

///

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Issue Preclusion or Collateral Estoppel)

15.     The Complaint and the claims asserted therein are barred in whole or in part by issue preclusion or collateral estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Release of Claims)

16.     The Complaint and the claims asserted therein are barred in whole or in part by release of the asserted claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

17.     Any right to relief on behalf of plaintiff and the purported class is barred in whole or in part by the doctrine of unjust enrichment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Time-Barred)

18.     The Complaint and the claims asserted therein are barred in whole or in part by applicable statutes of limitations or statutes of repose including, but not limited to California Code of Civil Procedure sections 312 through 365, inclusive (specifically including sections 337, 338, 339, 339.5, 340 and 343).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Preemption)

19.     The Complaint and the claims asserted therein are barred in whole or in part by the preemptive effect of federal law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Events and/or Actions of Third Parties)

20.     The Complaint and the claims asserted therein are barred in whole or in part because the alleged injuries or damage complained of by plaintiff or the purported class, if any, were caused by the intervening and superseding events and/or actions of parties other than Performance.

///

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

21.     Plaintiff and the purported class are barred in whole or in part from any recovery because of and to the extent of their failure to mitigate damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Due Process)

22.     To the extent that the Complaint seeks punitive damages, criminal penalties or their substantial equivalent, this claim violates Performance's right to due process under the Constitution of the United States and the California Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Consent or Authorization)

23.     The Complaint and the claims asserted therein are barred in whole or in part because plaintiff and the purported class expressly, or by their respective conduct, approved, authorized, ratified, permitted, voluntarily provided, requested, or consented to the alleged wrongful acts or conduct, and Plaintiff and the purported class are therefore barred from recovery.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Barred)

24.     Plaintiff's claim for attorneys' fees is barred because plaintiff and the purported class are unable to satisfy the standard permitting recovery of such fees under California Code of Civil Procedure section 1021.5.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

25.     Performance reserves its right to raise additional affirmative defenses as they become known through discovery, investigation or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Performance prays for judgment as follows:

1.     That plaintiff and members of the purported class take nothing by the Complaint;

2.     That the Complaint be dismissed and judgment be entered in favor of Performance;

1    3.    That the Court award Performance its reasonable expenses, attorneys' fees, and costs

2  of suit; and

3    4.    For such other and further relief as this Court may deem just and proper.

4

5  Dated: November 17, 2011                    **DUANE MORRIS LLP**

6

7                                          By: _____
                                               Paul S. Rosenlund
8                                              Jessica E. La Londe
                                               Attorneys for Defendant
9                                              BITECH, INC., d/b/a PERFORMANCE BICYCLE
                                               SHOP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2  *Lamb v. Bitech, Inc., et al.*
San Francisco Superior Court, Case No. CGC-11-515148

3

4      I am a citizen of the United States, over the age of 18 years, and not a party to interested in the cause. I am an employee of Duane Morris LLP and my business address is One Market, Spear Tower, Suite 2200, San Francisco, California 94105. I am readily familiar with this firm's practices for collecting and processing correspondence for mailing with the United States Postal Service and for transmitting documents by FedEx, fax, email, messenger and other modes. On the date stated below, I served the following documents:

5

6

7

## BITECH, INC., D/B/A PERFORMANCE BICYCLE SHOP'S ANSWER TO UNVERIFIED COMPLAINT

8

9    ☒  **BY U.S. MAIL**: ☒ I enclosed the documents in a sealed envelope or package addressed to the person(s) set forth below, and placed the envelope for collection and mailing following our ordinary business practices, which are that on the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California, in a sealed envelope with postage fully prepaid. **OR**
    ☐ I enclosed the documents in a sealed envelope or package addressed to the person(s) set forth below, and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

10

11

12

13

14

15  Francis A. Bottini, Jr., Esq.
Jennifer M. Chapman, Esq.
Chapin, Fitzgerald, Sullivan & Bottini LLP
550 West C Street, Suite 2000
San Diego, CA 92101

  Attorneys for Plaintiff
  JORDAN LAMB

  TEL: (619) 241-4810 / FAX: (619) 955-5813
  EMAIL:  fbottini@cfsblaw.com
           jchapman@cfsblaw.com

16

17

18

19

20  Joseph J. Siprut, Esq.
SIPRUT PC
122 South Michigan Avenue, Suite 1850
Chicago, IL 60603

  Attorney for Plaintiff
  JORDAN LAMB

  TEL: (312) 588-1440 / FAX: (312) 1850

21

22

23

24

25      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 17, 2011, at San Francisco, California.

26

27  _____
  Trina C. Morgan

28

DM1\2957921.1 R1367/00004

8

1

**PROOF OF SERVICE**

2  *Lamb v. Bitech, Inc., et al.*
   U.S.D.C. – Northern District of California, Case No.

3

4  I am a citizen of the United States, over the age of 18 years, and not a party to interested in the cause. I am an employee of Duane Morris LLP and my business address is One Market, Spear Tower, Suite 2200, San Francisco, California 94105. I am readily familiar with this firm's practices for collecting and processing correspondence for mailing with the United States Postal Service and for transmitting documents by FedEx, fax, email, messenger and other modes. On the date stated below, I served the following documents:

5

6

7  **DEFENDANT BITECH, INC., D/B/A PERFORMANCE BICYCLE SHOP'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(D), 1441(B), 1446(B), AND 1453(B)**

8

9  ☒  **BY U.S. MAIL**: ☒ I enclosed the documents in a sealed envelope or package addressed to the person(s) set forth below, and placed the envelope for collection and mailing following our ordinary business practices, which are that on the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California, in a sealed envelope with postage fully prepaid.  **OR**
   ☐ I enclosed the documents in a sealed envelope or package addressed to the person(s) set forth below, and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

10

11

12

13

14  Francis A. Bottini, Jr., Esq.                    Attorneys for Plaintiff
    Jennifer M. Chapman, Esq.                        JORDAN LAMB
15  Chapin, Fitzgerald, Sullivan & Bottini LLP
    550 West C Street, Suite 2000                    TEL: (619) 241-4810 / FAX: (619) 955-5813
16  San Diego, CA 92101                              EMAIL:  fbottini@cfsblaw.com
                                                              jchapman@cfsblaw.com
17

18  Joseph J. Siprut, Esq.                           Attorney for Plaintiff
    SIPRUT PC                                        JORDAN LAMB
19  122 South Michigan Avenue, Suite 1850
    Chicago, IL 60603                                TEL: (312) 588-1440 / FAX: (312) 1850

20

21

22  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 17, 2011, at San Francisco, California.

23

24

25  Trina C. Morgan

26

27

28

DEFENDANT BITECH, INC., D/B/A PERFORMANCE BICYCLE SHOP'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT