1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JORDAN LAMB, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>BITECH, INC., d/b/a PERFORMANCE BICYCLE SHOP, a Delaware corporation,<br><br>             Defendant. | Case No.: 3:11-cv-05583-EDL MED<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION** |

On May 9, 2013, Plaintiff Jordan Lamb ("Plaintiff") filed a motion for preliminary approval of a proposed class action settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure. (Doc. No. 35.)  On June 17, 2013, Defendant Bitech, Inc., dba Performance Bicycle Shop, ("Defendant" or "Performance") filed a statement of non-opposition to Plaintiff's motion and regarding related matters. (Doc. No.39.)

The Court held hearings on the matter on June 25, 2013 and on July 26, 2013. Joseph J. Siprut appeared for Plaintiff, and Paul S. Rosenlund appeared for Defendant. The Court reviewed the motion, including the Settlement Agreement and Release signed by the parties and counsel and all exhibits ("Settlement Agreement").  The Court, for good cause shown, grants the motion for preliminary approval of class action settlement and for provisional certification of a settlement class.

1

## I.   Background

Plaintiff commenced this action in San Francisco Superior Court, *Jordan Lamb v. Bitech, Inc., dba Performance Bicycle Shop*, Case No. CGC-11-515148, on October 17, 2011. On behalf of himself and a proposed class, Plaintiff's complaint asserted a cause of action for violation of the Song-Beverly Credit Card Act of 1971, California Civil Code § 1747.08 (the "Act") and he sought various remedies related to alleged violations of the Act, including but not limited to an award of civil penalties under Civil Code § 1747.08(e), a declaration that Defendant's actions as described in the complaint violate the Act, and such and further relief as the Court may deem proper Plaintiff also sought payment of costs and an award of attorney fees as authorized by statute.

On November 17, 2011, Performance filed an answer denying Plaintiff's allegations and asserting various affirmative defenses, and Performance timely removed the case to this Court pursuant to the Class Action Fairness Act and principles of diversity jurisdiction.  (Doc. No. 1.)  The parties thereafter conducted formal and informal discovery.

## II.   Proposed Settlement

On May 22, 2012, the parties began a mediation through the court's mediation program, and ultimately the parties reached a proposed settlement and executed the Settlement Agreement on May 9, 2013, a copy of which (including exhibits) is attached to Plaintiff's motion.  (Doc. No. 35, Ex. A, the "Proposed Settlement".)  Certain changes to the Settlement Agreement and exhibits were made following consideration of comments by the court, as reflected in Doc. No. 41 and Doc. No. 44. Capitalized terms used in the class definition and elsewhere in this Preliminary Approval Order are defined in the Settlement Agreement and adopted in this order.  The Proposed Settlement includes the following proposed Settlement Class members:

> All natural persons who, during a credit card purchase transaction during the Class Period in a Performance Bicycle Shop physically located in California, were requested or required to provide Personal Identification Information to Performance, which Personal Identification Information was recorded by Performance during the transaction, but excluding officers, agents or employees of Performance, any parent, subsidiary or affiliate of Performance, any entity in which Performance has a controlling interest, and the legal representatives, successors, or assigns of any such excluded persons or entities. (collectively the "Settlement Class").

> The Class Period for the proposed settlement means the period from October 17, 2010

2

through the date of this Preliminary Approval Order.  The proposed Settlement provides a settlement

benefit to individuals who participated in a "Covered Credit Card Transaction," which is defined as

the following:

> A purchase transaction in a Performance retail store physically located in California
> between October 17, 2010 and the date of this Order that was paid for with a
> "Personal Credit Card" (which means a credit card issued for consumer credit
> purposes to a natural person, irrespective of how it is or was actually used, and
> excludes all debit cards and any credit card issued for business purposes or to a
> person other than an individual, irrespective of how or by whom the cards are or were
> actually used), during which the customer's Personal Identification Information was
> requested and recorded by Performance and did not exist in a Performance customer
> database prior to October 17, 2010, and did not involve a transaction for which
> recording the customer's Personal Identification Information was reasonably
> necessary.

The Settlement Agreement provides a list of transaction types that are not Covered Credit

Card Transactions ("Excluded Transactions") because it is reasonably necessary and permitted by

the Act to request and record a customer's Personal Identification Information in the course of such

transactions.

Under the proposed settlement, Performance will offer each Settlement Class member who

participated in a Covered Credit Card Transaction a ten dollar ($10.00) Credit Certificate in the form

of Exhibit E to the Settlement Agreement that can be applied in a single transaction toward the

purchase price of merchandise at any Performance Bicycle Shop physically located in California, or

online at www.performancebike.com, subject to the terms and conditions of the Settlement

Agreement ("Credit Certificates"). The Credit Certificate may only be used by a Settlement Class

member, and is limited to one per Settlement Class member.  Credit Certificates may not be used for

any telephone, special order or mail-order transaction, to purchase gift certificates, or for any other

tender or transaction that may be converted to cash or cash equivalents.  Each Credit Certificate shall

have an identifier code unique to the recipient and may not be copied or used more than once.  Credit

Certificates have a one-year expiration, may not be aggregated or transferred for value, and will not

be replaced if lost or stolen.  Credit Certificates do not have a minimum purchase requirement for

their use, but may be used only once, and any unused balance will be forfeited.

Notice will be given to the Settlement Class by a combination of mailed notices, internet

notice on the Settlement Website, and by posting notices of the Settlement in Performance's California retail stores.

Defendant will provide those members of the Settlement Class whose names and PII were added to Performance's databases of California retail store customer addresses from October 17, 2010 through September 19, 2011, as part of a Covered Credit Card Purchase Transaction, and for whom Performance maintains a valid postal mail or email address in its customer databases ("Direct Notice Class Members"), with notice of the proposed settlement by email or U.S. mail. The notices to each Direct Notice Class Members will include a unique identifier code that may be used to download and print a $10 Credit Certificate upon the court's final approval of the Settlement, as provided in the Settlement Agreement.

Settlement Class members who are not members of the Direct Notice Class ("Indirect Notice Class Members") who believe they are entitled to a settlement benefit may download a claim form or request one from the Settlement Administrator and submit a completed form pursuant to the procedures described in the Settlement Agreement.

The mailed and emailed notices to Direct Notice Class Members shall be mailed no more than 30 days after entry of this order, and shall be substantially in the form of Exhibit E to the Settlement Agreement.  The in-store notices must be posted no more than 30 days after entry of this order; they shall be substantially in the form of Exhibit B to the Settlement Agreement and shall remain posted for at least 30 days after the date of initial posting.

The Settlement Administrator shall set up the Settlement Website and post the internet notice on the Settlement Website no more than 30 days after entry of this order.  The Settlement Website shall include Exhibit B to the Settlement Agreement (Summary Notice), Exhibit C to the Settlement Agreement (Detailed Notice), Exhibit D (Claim Form) and such other materials and information that are called for in the Settlement Agreement.  The Settlement Website shall remain active for one year after the date of Final Judicial Approval and shall be updated with information as necessary and appropriate to effectuate the Settlement, including information regarding the date and location of the Final Fairness Hearing and when the Credit Certificates may be redeemed.

Additionally, as provided in the Settlement Agreement, Defendant agrees to comply with California Civil Code section 1747.08 and states that it implemented software in its point-of-sale terminals in California stores no later than September 20, 2011 that effectuates prior employee training that Personal Identification Information is not to be requested and recorded during Covered Credit Card Transactions, and Defendant has agreed to post a notice visible from each point-of-sale terminal in its California stores informing customers that collecting and recording Personal Identification Information in conjunction with credit card purchase transactions is voluntary.

The parties have not agreed upon any incentive award to Plaintiff or attorneys' fee award to Plaintiff's attorneys.  Those issues will be decided by the Court unless the parties reach agreement in the interim, in which case they shall promptly notify the Court and update the Settlement Website to provide notice to the Settlement Class.

## III.   Rule 23 and Class Action Settlement Criteria

The decision to approve or reject a settlement is committed to the sound discretion of the trial court. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Deciding whether to approve a proposed class action settlement is generally a two-step process. At the preliminary approval stage, the court "should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." FED. JUDICIAL CTR., MANUAL FOR COMPLEX LITIGATION, § 21.633 (4th ed.2004). The court then approves the form and manner of notice and sets a final fairness hearing, where it will make a final determination on the fairness of the class settlement. See *id*.

A court may approve a settlement that would bind class members only after a final fairness hearing and finding that the settlement is fair, reasonable and adequate. Fed. R. Civ. Proc. 23(e)(2); see *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). When approving a settlement, a court must ensure that notice is made in a "reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. Proc. 23(e)(1).

To make the ultimate determination of whether a settlement is fair, reasonable and adequate requires evaluating several factors, including the strength of plaintiff's case; the risk, expense,

5

complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair. *Nat'l Rural Telcoms. Coop. v. Directv, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004).

## IV.  <u>Findings and Order</u>

After reviewing the complaint, the answer, the motion, the motion to approve the Proposed Settlement, and the Settlement Agreement (including all exhibits), the Court concludes, for purposes of the Proposed Settlement only, that:

(1)  The Settlement Agreement is fair, reasonable, and adequate;

(2)  The Summary Notice, Detailed Notice, Credit Certificate and Summary Class Notice, Claim Form and Credit Certificate (all exhibits to the Settlement Agreement) comply with due process because the notices and forms are reasonably calculated to adequately apprise class members of (a) the pending lawsuit, (b) the proposed settlement, and (c) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement;

(3)  The Settlement Class is so numerous that joinder of all Settlement Class members is impracticable;

(4)  Plaintiff's claims are typical of the Settlement Class' claims;

(5)  There are questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual Settlement Class members; and

(6)  Class certification is superior to other available methods for the fair and efficient adjudication of the controversy and to effectuate the Proposed Settlement.

**The Court further ORDERS:**

(1)  <u>Settlement Approval</u>.  The Settlement Agreement, including Summary Notice, Detailed

6

Notice, Credit Certificate, Summary Class Notice to Direct Notice Settlement Class Members, and the Claim Form, attached to the Settlement Agreement as Exhibits B-F, are preliminarily approved.

(2) <u>Provision of Class Notice</u>.  Defendant Performance will notify Settlement Class members of the Proposed Settlement in the manner specified under Section 9.2 of the Settlement Agreement and will pay all costs associated with claims administration and providing notice to class members pursuant to the Settlement Agreement.

(3) <u>Claim for Credit Certificates</u>.  Indirect Notice Class Members who would like to receive a Credit Certificate under the Settlement Agreement must accurately complete and deliver a Claim Form to the Claims Administrator no later than ninety (90) calendar days after first issuance of the Summary Notice by in-store posting and posting of the Detailed Notice and Claim Form on the Settlement Website, as provided in the Detailed Notice.

(4) <u>Requesting Exclusion</u>.  Settlement Class members who want to be excluded from the Proposed Settlement must send a letter or postcard to the Claims Administrator stating the person's full name, current mailing address, phone number, signature, and substantially the following statement:  "I meet all requirements for being a member of the Settlement Class in *Lamb v. Bitech, Inc. d/b/a Performance Bicycle Shop*, but want to be excluded from the Settlement Class."  A request for exclusion shall be postmarked no later than ninety (90) calendar days from when the Court enters this Preliminary Approval Order.

(5) <u>Objection to Settlement</u>.  Settlement Class members who have not submitted a timely written exclusion request pursuant to paragraph 4 above and who want to object to the Proposed Settlement must deliver written objections to Class Counsel and Performance's Counsel, and must file such objection with the Court, no later than ninety (90) calendar days from when the Court enters this Preliminary Approval Order. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. The objection must include (a) the name of the Action ("*Lamb v. Bitech, Inc. d/b/a Performance Bicycle Shop*"); (b) the Settlement Class member's full name, current address and signature, (c) a clear disclosure of the facts and other evidence that qualify them as a member of the Settlement Class, including but not limited to the

7

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
AND FOR PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS
DM1\3729978.9

CASE NO.: 3:11-CV-05583-EDL

documents and the date and location of any transaction that qualifies them as a Settlement Class member, (d) a clear statement of the factual and legal bases for their objection, and (e) any and all facts or other evidence (including copies of any documents or data) the objector wishes to be considered by the Court. Any Settlement Class member who files and serves a timely and otherwise proper written objection, as required by this paragraph, may appear at the Final Fairness Hearing, either in person or through personal counsel hired at the Settlement Class member's expense, to object to the Proposed Settlement. Settlement Class members, or their attorneys, intending to make an appearance at the Final Fairness Hearing, however, must also deliver to Class Counsel and Performance's Counsel, and file with the Court, no later than ninety (90) calendar days from when the Court enters this Preliminary Approval Order, a Notice of Intention to Appear. Only Settlement Class members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

(6) <u>Failure to Object to Settlement</u>. Settlement Class members who fail to object to the Proposed Settlement in the manner specified above will: (a) be deemed to have waived their right to object to the Proposed Settlement; (b) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Proposed Settlement; and (c) not be entitled to speak at the Final Fairness Hearing.

(7) <u>Provisional Certification of Settlement Class</u>. The Settlement Class is provisionally certified as a class of all natural persons, who between October 17, 2010 and the date of this Preliminary Approval Order, during a credit card purchase transaction, were requested or required to provide PII to Performance, which PII was recorded by Performance during the transaction, but excluding officers, agents or employees of Performance, any parent, subsidiary or affiliate of Performance, any entity in which Performance has a controlling interest, and the legal representatives, successors, or assigns of any such excluded persons or entities.

(8) <u>Appointment of Class Representative and Class Counsel</u>. Plaintiff Jordan Lamb is conditionally certified as the Settlement Class Representative to implement the Proposed Settlement in accordance with the Settlement Agreement. The law firm of Siprut PC, through Joseph Siprut and

Aleksandra M. S. Vold, are appointed as Class Counsel. Plaintiff and Class Counsel must fairly and adequately protect the Settlement Class' interests.

(9) <u>Termination</u>.  If the Settlement Agreement terminates for any reason, the following will occur: (a) Class certification will be automatically vacated; (b) Plaintiff will stop functioning as Class Representative; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, as if there had been no settlement, as provided in Paragraph 12 of the Settlement Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments.

(10) <u>No Admissions</u>.  Nothing in this Order or the Proposed Settlement is, or may be construed as, an admission or concession on any point of fact or law by or against any party.

(11) <u>Stay of Dates and Deadlines</u>.  All discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

(12) <u>Motion for Approval of Attorneys' Fees and Incentive Award</u>.  No later than thirty (30) days after the Preliminary Approval Date, Class Counsel shall file any motion for an award of attorneys' fees and costs to Class Counsel and/or for an incentive award to Plaintiff, and the Settlement Website shall be updated to reflect the requests for attorneys' fees and an incentive award promptly upon the filing of Plaintiff's motion for fees and/or incentive award.  The hearing on Plaintiff's motion shall be scheduled to be heard concurrent with the Fairness Hearing, but Performance reserves the right to request that the court defer any decision to a later date so the court may consider the actual results obtained from the Settlement in rendering its award, including the actual rate of redemption of Credit Certificates.  Performance shall file its Response, including any request to defer ruling on Plaintiff's request, no later than twenty-one (21) days before the date of the Fairness Hearing, and Plaintiff shall file his Reply no later than seven (7) days after Performance's Response is filed.

(13) <u>Fairness Hearing</u>.  On January 15, 2014, at 2 p.m., this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair,

AND FOR PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS
DM1\3729978.9

reasonable, and adequate. No later than thirty (30) days before the Fairness Hearing, Class Counsel

shall file with the Court a list with the names of each person who has timely and properly opted out

of the Settlement Class.  Except as otherwise stated in this order, all other papers supporting or

opposing Final Approval of the Settlement Agreement must be filed and served in accordance with

the deadlines and procedures stated in the Local Rules of this Court pertaining to motions.  This

Court may order the Fairness Hearing or the hearing on Plaintiff's motion for attorneys' fees, costs

and incentive award to be postponed, adjourned, or continued, in which case notice shall be given to

Settlement Class members by posting updated information on the Settlement Website.

**IT IS SO ORDERED.**

DATED:  August 5, 2013

_____
ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE